```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

          v.

MARIA MAGDALENA ALMONTE

          Defendant.

------------------------------------------------------------X

16-CR-670 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

On September 21, 2020, Defendant Maria Magdalena Almonte moved to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of her medical condition and the COVID-19 pandemic. (ECF No. 313.)

On September 30, Defendant's motion was denied without prejudice, on the grounds that Defendant had not exhausted her administrative remedies. (ECF No. 314.) On October 1, after the Order denying Defendant's motion was entered, the Government informed the Court of its position that Defendant had, in fact, exhausted her administrative remedies, attaching email correspondence between Defendant and the Bureau of Prisons ("BOP") in support of that position. (ECF No. 316.) The Government requested approximately two weeks in order to respond to Defendant's motion. (*Id.*)

For the foregoing reasons, the Court's September 30, 2020 Order (ECF No. 314) is VACATED, and the Government is ordered herein to respond to Defendant's motion.

No later than October 20, 2020, the Government shall respond to Defendant's motion. With its response, the Government shall provide the following information, after conferring with the BOP and the United States Probation Office as appropriate:

1. Whether the Government opposes Defendant's motion;

2. The BOP's assessment of the factors listed in the Attorney General's Memorandum for Director of Bureau Prisons dated March 26, 2020 as they pertain to Defendant; what risk factors for severe COVID-19 illness, if any, Defendant presents; who, if anyone, at the BOP assessed Defendant's risk factors for severe COVID-19 illness; and upon what specific information that person's assessment was made;

3. The criteria used by the BOP to decide whom to test for COVID-19 at FCI Aliceville, where Defendant resides;

4. Approximately how many tests for COVID-19 have been conducted at FCI Aliceville;

5. The number of inmates and staff who have tested positive and the number of inmates and staff who have tested negative for COVID-19 at FCI Aliceville, both as absolute numbers and as a percentage of the total population of inmates and staff at FCI Aliceville;

6. The number of inmates and staff currently infected with COVID-19 at FCI Aliceville;

7. Whether Defendant has been in close proximity to any inmate or staff member who has tested positive for COVID-19;

8. The Government's assessment of the factors set forth in 18 U.S.C. § 3553(a) as they pertain to Defendant;

9. Defendant's disciplinary record in prison, risk of recidivism, risk of violence, and any changes to the conditions of supervised release that should be made in the event Defendant is released;

10. Upon what specific facts and information the BOP relied in denying Defendant's compassionate release application;

11. Whether the BOP has considered or intends to consider Defendant for home

confinement or furlough; by what date the BOP expects to make a determination regarding home confinement or furlough; and upon what specific information the BOP's determination will rely.

SO ORDERED.

Dated: New York, New York
October 7, 2020

                                              KIMBA M. WOOD
                                             United States District Judge