```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

                -against-                         16-CR-670 (KMW)
                                                  OPINION & ORDER
MARIA MAGDALENA ALMONTE

                Defendant.
-----------------------------------------------------------X
```

KIMBA M. WOOD, United States District Judge:

Defendant Maria Magdalena Almonte has moved to reduce her term of imprisonment pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 313.) The Government opposes Almonte's motion. (ECF No. 321.) For the reasons set forth below, Almonte's motion is DENIED.

## BACKGROUND

On September 12, 2016, Almonte was arrested in connection with her alleged role in a sex trafficking conspiracy that trafficked minor girls and adult women for sex. (Gov't Opp'n at 1-2.) Several of Almonte's younger daughters were among the victims of the conspiracy. (*Id.*)

On August 7, 2017, Almonte pled guilty to one count of using interstate commerce to promote unlawful activity, in violation of 18 U.S.C. § 1952(a)(3) and 2. (*Id.* at 2.) On March 26, 2018, Almonte was sentenced to 60 months' imprisonment, to be followed by three years of supervised release. (*Id.* at 3.)

Almonte surrendered to the custody of the Bureau of Prisons ("BOP") on May 9, 2018 and is currently incarcerated at the Federal Correctional Institution, Aliceville. The BOP projects a release date of August 10, 2022. (*Id.*) Because Almonte is subject to an immigration detainer, she is not eligible for home confinement or furlough. (*Id.* at 3 n.1.)

On September 21, 2020, proceeding *pro se*, Almonte filed the instant motion. On October 20, the Government filed its opposition. On October 23, the Government filed a supplemental letter containing additional information received from the BOP. (ECF No. 322.)

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP, or upon motion of the defendant. A defendant may move under Section 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*[1]

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020). In light of the COVID-19 pandemic, such reasons may include whether a defendant is at increased risk of suffering serious illness from the virus. *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they apply. 18

---

[1] The Government concedes that Almonte has exhausted her administrative remedies. (Gov't Let. at 1, ECF No. 316.) Her motion is thus ripe for consideration.

2

U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, a court may deny the motion if the sentencing factors outweigh those reasons. *See, e.g., United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Almonte argues that the Court should grant compassionate release based on her medical condition, combined with the COVID-19 pandemic. (Mot. at 1-3.)

The Government concedes that, in light of the COVID-19 pandemic, Almonte's ▮ constitutes an extraordinary and compelling reason warranting compassionate release.[2] (Gov't Opp'n at 12.) The Centers for Disease Control and Prevention consider ▮ to be a risk factor for suffering more severe illness from COVID-19. (*Id.*) Almonte's other conditions, including hypertension and a thyroid disorder, do not appear to present the same heightened risk. (*Id.* at 4, 12.)

The Court agrees with the Government, however, that the sentencing factors outweigh these extraordinary and compelling circumstances. (*Id.*)

At sentencing, the Court observed that Almonte's offense "should shock the conscience of anyone." (Sent. Tr. at. 16, ECF No. 193.) Almonte's role in a sex trafficking conspiracy had put young girls—including her own minor daughters—at serious risk of physical harm, sexually contracted diseases, and permanent psychological damage. (Gov't Opp'n at 14.) Although Almonte did not run the conspiracy, she provided apartments where prostitution took place; assisted with payments; and shared some of the profits of the enterprise. (Sent. Tr. at 14-15.) Almonte's offense was, and remains, extraordinarily serious. (*Id.* at 16.)

Based on the shocking nature of Almonte's conduct, the Court also expressed its belief

---

[2] Although Almonte's motion stated that she suffers from hypertension and asthma, it did not reference ▮. (Mot. at 2-3.) The Government, however, obtained extensive medical records from the BOP in an attempt to identify any medical information that may be relevant to the motion. (Gov't Opp'n at 4 n.3.)

3

that she needed to be "individually deterred." (*Id.* at 16-17.) Almonte has now served only half of the 60-month sentence imposed. (Gov't Opp'n at 3, 12-13.) Courts in this district have denied motions for compassionate release when defendants have served comparable portions of their respective sentences. *See, e.g., United States v. Seshan*, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (Keenan, J.); *United States v. Nieves*, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020) (Nathan, J.). In addition, the Court stated that general deterrence required "the maximum allowable time in custody." (Sent. Tr. at 16-17.)

Almonte argues that, "[g]iven her age, recidivism is low and it is highly unlikely that she will commit further crimes." (Mot. at 3.) But Almonte, who is now 55 years old, participated in this sex trafficking operation when she was approximately 48-51 years old. (*See* Sent. Tr. at 3, 14.) The Court cannot conclude that, if released, Almonte will not be a danger to the safety of any person or the community.

In light of the above, a reduction in Almonte's sentence would not reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, or protect the public from further crimes by the defendant. *See* 18 U.S.C. §§ 3553(a)(2)(A)-(C).

## CONCLUSION

Because the sentencing factors outweigh the extraordinary and compelling reasons for compassionate release, Almonte's motion is DENIED.

SO ORDERED.

Dated: New York, New York
       November 4, 2020

*[Signature]*

KIMBA M. WOOD
United States District Judge